Stephen A. Ebner, Esq. (SBN 108348)
LAW OFFICES OF STEPHEN A. EBNER
4766 Park Granada, Suite 206
Calabasas, CA 91302
Telephone:  (818) 591-7990
Facsimile:   (818) 591-7781
Email: sae@ebnerlaw.net

Attorney for Plaintiff,
Luke Hardman

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE HARDMAN, | CASE NO.: CV15-04338 BRO (JEMx) |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| THE BOEING COMPANY; STEPHANIE MCCARTHY, An Individual;  and DOES 1 through 100 Inclusive, | [DECLARATION OF STEPHEN A. EBNER filed concurrently herewith.] |
| Defendants. | Date:  August 3, 2015 Time: 1:30 p.m. Ctrm: 14 (Spring St.) |

TO:    THE CLERK OF THE ABOVE-ENTITLED COURT AND TO

        DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that on August 3, 2015 at 1:30 p.m., or soon

thereafter as counsel may be heard, in Courtroom 14 of the United States District

Court, located at 312 So. Spring Street, Los Angeles, California, Plaintiff, LUKE

HARDMAN, will move the Court to remand this case to the Los Angeles Superior

Court.

        This Motion to Remand will be made on the following grounds:

        1.        Defendant failed to file its  notice of removal within thirty days from

the date when BOEING's counsel first ascertained that the case could have been

removable.

2.     The state court-ordered dismissal of STEPHANIE MCCARTHY was an *involuntary* change in the case and removal was improper.

This Motion will be based on this Notice of Motion and Motion, on Plaintiff's Memorandum of Points and Authorities in Support, on the Declaration of SAE in support, on the pleadings and documents on file herein, and on any oral argument of counsel and additional evidence that may be presented at the time of the hearing on the Motion. This motion is made following the conference of counsel pursuant to L. R. 7-3, which took place on June 16, 2015.

Dated:  June 24, 2015                    LAW OFFICES OF STEPHEN A. EBNER


                                        /s/ Stephen A. Ebner
                                        _____
                                        STEPHEN A. EBNER
                                        Attorney for Plaintiff,
                                        Luke Hardman

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Plaintiff filed a Complaint for Damages on December 19, 2014, in the Los Angeles Superior Court, Case No. BC567372, against THE BOEING COMPANY; ( "BOEING ")  and STEPHANIE MCCARTHY ( "MCCARTHY"), a California resident,  alleging seven (7) causes of action: (1)breach of employment contract; (2) breach of the covenant of good faith and fair dealing ; (3) gender discrimination; (4) defamation; (5) intentional infliction of emotional distress( "IIED"); (6) violation of the right of privacy; and (7) unfair and unlawful business practices.  MCCARTHY was named as a defendant in the fifth and sixth causes of action, only.

Plaintiff, a former employee of BOEING, alleges he was a victim of cyber crime when his cell phone was cloned/hacked and an obscene text message was sent to a female co-worker. Plaintiff was then terminated by BOEING despite denying the accusations and despite not being allowed to present evidence of the cyber crime. Plaintiff brought  IIED (5th Cause of Action) and privacy violation (6th Cause of Action) claims against MCCARTHY, BOEING's EEO investigator, based upon her hostile and aggressive tactics and  false accusations against Plaintiff, as well as her belligerent and overly aggressive attitude toward Plaintiff during the investigation.  Plaintiff also alleges that MCCARTHY brought  up the suicides of Plaintiff's two brothers in a blatant attempt to harass, embarrass, coerce, and shame Plaintiff into a confession.  BOEING was served with the summons and complaint on December 29, 2014. [Removal Not.,  Par. 7.] On January 12, 2015, BOEING's counsel, Ray E. Boggess, spoke with Plaintiff's counsel Stephen A. Ebner, whereby Mr. Boggess requested that MCCARTHY be voluntarily dismissed from the case rather than proceed by demurrer [Removal Not., par 42 - Boggess Declar. Par. 2] . Plaintiff's counsel requested that BOEING

waive it's right to remove the case to federal court as a condition of the dismissal. Mr. Boggess would not agree to waive removal and informed Plaintiff's counsel that MCCARTHY was  named as "sham defendant" in the case. [Removal Not., par 42 - Boggess Declar. Par. 2]  Thus, defendant was first put on notice that the case was removeable as of January 12, 2015, or even as early as December 29, 2014, when BOEING was served with the complaint.

Rather than remove this case within the  30-day limitation period as required by 28 U.S.C. 1446(b) BOEING elected to file a  demurrer  to the IIED and privacy causes of action in state court. The court sustained  the demurrer as to MCCARTHY and ordered that MCCARTHY be dismissed from the complaint. However, leave to amend was granted as to the Sixth Cause of Action for violation of privacy.   Although plaintiff disagreed with the court's ruling,  plaintiff did not file an amended complaint, the reason being that there was nothing more factually or legally to add, at this early stage of litigation and without further discovery, to the allegations contained in the operative complaint as against MCCARTHY.

Defendant Sylvania's  removal of this case to federal court on June 9, 2015, is based on diversity [28 USC section 1446(b)] on grounds that  the dismissal of MCCARTHY  from the lawsuit renders this case removable. Defendant contends that they have timely filed for removal based on the date that the Superior Court dismissed MCCARTHY (May 12, 2015),  as well as on the date it received the Plaintiff's deposition transcript (May 27, 2015).

In seeking remand,  it is apparent that BOEING was  on notice that the 30 day removal period had been triggered as early as December 29, 2014, when the complaint was served, or that the removal period began on January 12, 2015, when Mr. Bogguss informed Plaintiff's counsel that  MCCARTHY was a "sham" defendant. [Removal Not., par 42 - Boggess Declar. Par. 2].

Second, plaintiff asserts that the majority of the courts draw a distinction between *voluntary* and *involuntary*  changes in the case and that only changes

made *voluntarily* by the plaintiff make the case removable. Since the court-ordered dismissal of MCCARTHY was an *involuntary* change in the case, removal is improper.

## II

## STANDARD OF REVIEW

In ruling on a remand motion, the Court ordinarily determines removability from the complaint as it existed at the time of the removal, together with the removal notice.  Gaus v. Miles, Inc., (9th Cir. 1992) 980 F.2d 564, 566.  Federal courts are instructed to "strictly construe the removal statute against removal jurisdiction." Id. at 566. The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  Nishimoto v. Federman-Bachrach & Assocs.,(9th Cir. 1990)  903 F.2d 709, 712 n.3; Emrich v. Touche Ross & Co., (9th Cir. 1988) 846 F.2d 1190, 1195.

## III

## ARGUMENT

**A.      30-Day Limitation Period For Removal**

The timeliness of a notice of removal is governed by 28 U.S.C. 1446(b), which creates a a 30-day limitation period for removing cases.  The right to remove arises when a defendant is first put on a notice that all prerequisites for invoking federal jurisdiction have been met.  Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992).  Notice of removeablity is determined by the "four corners" of the applicable pleadings, not through subjective knowlege or a duty to make further inquiry.   Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F. 3d 689, 694.

In the fraudulent joinder context, a defendant has 30 days from the date defendant first knew or should have known that there is a basis for removal. See

1   Jernigan v. Ashland Oil, 989 F.2d 812, 817 (5th Cir. 1993) .

2        Again,  BOEING was  on notice that the removal period had been triggered

3   as early as December 29, 2014, when the complaint was served, or on January 12,

4   2015, when Mr. Bogguss informed Plaintiff's counsel that MCCARTHY was a

5   "sham" defendant.

6   **B.   "Voluntary vs. Involuntary Change" Rule.**

7        An action not removable as originally filed must remain in state court unless

8   the plaintiff does something *voluntarily* to change the nature of the case and

9   render it removable. Self v. General Motors Corp. (9th Cir 1978) 588 F.2d 655.

10   657.  Removal jurisdiction is not created by "involuntary" changes in the case

11   such as a court-ordered directed verdict or dismissal of a nondiverse defendant. If

12   the complaint filed by plaintiff does not present a removable case, a subsequent

13   involuntary change cannot create removeablity. *Self* @ p. 660.  Plaintiff is the

14   master of the claim" for removal purposes and only voluntary changes over which

15   plaintiff has control can affect removablility." *Self* @ p. 659; Insignia v. LaBella

16   (11 Cir.1988) 845 F.2d 249, 253.

17        A minority of jurisdictions  hold that plaintiff's failure to appeal an

18   involuntary dismissal is the functional equivalent of a voluntary dismissal,

19   rendering the case removable. In  Quinn v. Aetna Life & Casualty Co., 616 F.2d

20   38, 40 n.2 (2d Cir. 1980), the Second Circuit adopted this   finality/appealability

21   rationale and held that a case was removable once an order dismissing the

22   remaining non-diverse party became final. The court went so far as to suggest that,

23   "under these circumstances, plaintiffs' failure to take an appeal constituted the

24   functional equivalent of a 'voluntary' dismissal." Id.

25        However, the majority continues to follow the "voluntary" vs. involuntary"

26   distinction and decline to follow *Quinn.* The majority of courts agree with the 9th

27   Circuit and make it clear that "while finality in the state court as to all resident

28   defendants may be a necessary condition to support removal, it is not a sufficient

1  prerequisite nor is it synonymous with voluntariness." *Insignia,* supra;. Weems v.

2  Louis Dreyfus Corp. (5th Cir. 1967) 380 F.2d 545, 546; *Self,* supra.

3      During the pendency of the case at bench, the state court dismissed

4  MCCARTHY from the lawsuit with leave to amend as to the Sixth Cause of

5  Action.  However, since the court-ordered dismissal of MCCARTHY was an

6  "involuntary" change, removal was improper.. The fact that plaintiff did not file an

7  amended complaint should have no bearing on the fact that diversity was created

8  by court order and thus was an "involuntary" change in the case.

9  **C.    "Sham" or "Fraudulent" Joinder**

10      The  term "fraudulent" is not used in the sense  that  there was  an intent to

11  deceive or that plaintiff had any  other  "bad"  motive  in joining a nondiverse party

12  as a defendant.  Nobers  v. Crucible,  Inc. (WD PA 1995) 602 F.Supp.703,706.

13  The  proper test  in determining whether or not the nondiverse defendant  was

14  "fraudulently"  joined is whether there is **any  possibility,** however "slight," that

15  plaintiff will be able to establish liability against the  nondiverse  party. Hartley v.

16  CSX Transp., Inc., (4th Cir.1999) 187 F.3d 422,426; Ritchey v. Upjohn Drug Co.

17  (9th Cir. 1998) 139 F.3d 1313, 1318-1319. "We do not decide whether the

18  plaintiff will actually or even probably prevail on the merits, but look only for a

19  possiblity that he may do so. Dodson v. Spillada Maritime Corp. (5th Cir. 1992)

20  951 F.2d 40, 42-43.

21      Although the Superior Court dismissed MCCARTHY from the IIED claim

22  without leave to amend, the Court granted leave to amend as to the Sixth Cause of

23  Action against MCCARTHY for violation of privacy.  As previously stated,

24  plaintiff chose not to file an amended complaint, the reason being that there was

25  nothing more factually or legally to add, at this early stage of litigation and

26  without further discovery, to the  original allegations contained in the initial

27  complaint as against MCCARTHY.   Thus, at  the  very  least, MCCARTHY's

28  alleged conduct, meets the *"possibility of  recovery test"* and she should not be

1   considered by this Court to be a sham defendant.

2   **D.      Plaintiff Has Attempted to Serve McCarthy**

3   In compliance with the Superior Court's order of May 12, 2015, and in

4   response to defense counsel's offer to accept service, plaintiff's counsel served the

5   summons and complaint by sending a copy of the summons and complaint with a

6   notice and acknowledgment to defense counsel's office by certified mail on May

7   13, 2015. However, it has now been ascertained that defense counsel never

8   received the certified letter as it has apparently been lost in the mail. [Ebner Decl.,

9   par. 2 - Ex. "1"]

10                                    **IV**

11                             **CONCLUSION**

12   For the foregoing reasons, plaintiff respectfully requests that this Court

13   remand this case to the Los Angeles Superior Court, Central District..

14                            Respectfully submitted,

15   Dated:  June 24, 2015          LAW OFFICES OF STEPHEN A. EBNER

16

17                                    /s/ Stephen A. Ebner

18                                    _____
                                      STEPHEN A. EBNER
19                                    Attorney for Plaintiff,
                                      Luke Hardman

20

21

22

23

24

25

26

27

28