Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Ray E. Boggess, Bar No. 260384
reb@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for THE BOEING COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUKE HARDMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY; STEPHANIE MCCARTHY, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-04338-BRO-JEM<br><br>The Hon. Beverly Reid O'Connell<br><br>**THE BOEING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:   August 3, 2015<br>Time:  1:30 p.m.<br>Crtrm.: 14 |

Defendant The Boeing Company ("Boeing") submits the following opposition to Plaintiff Luke Hardman's Motion to Remand ("Motion"):

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................. 2

    A. Plaintiff's Allegations against McCarthy. ................................................. 2

    B. Plaintiff Demanded that Boeing Waive Its Right of Removal in Exchange for Voluntarily Dismissing McCarthy. .................................. 2

    C. Plaintiff's Deposition Admissions Bar His Claims against McCarthy. ................................................................................................... 3

    D. The State Court Sustained Boeing's Demurrer, and Plaintiff Chose Not to Amend His Complaint. ..................................................... 3

III. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND ............................................................................................................ 4

    A. Boeing Could Not Have Removed this Matter Based upon the Face of the Complaint. ................................................................................ 4

    B. The "Voluntary vs. Involuntary Change" Rule Is Irrelevant. ................. 6

        1. Plaintiff's Deposition Admissions Foreclose His IIED Claim. ............................................................................................... 6

        2. Plaintiff's Deposition Testimony Bars His Privacy Claim. ......... 7

        3. Boeing also Relied upon Plaintiff's Failure to Ever Serve McCarthy and His Demand that Boeing Waive Its Right of Removal as Evidence that McCarthy Was a Sham Defendant. .................................................................................... 8

        4. McCarthy Has Been a Sham Defendant from the Beginning of this Matter. ............................................................ 9

    C. Boeing Timely Removed this Matter. ..................................................... 10

IV. CONCLUSION .................................................................................................. 10

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Dobson v. Spiliada Maritime Corp.*,
    951 F.2d 40 (5th Cir. 1992) ............................................................................ 4, 5

*Hartley v. CSX Transp., Inc.*,
    187 F.3d 422 (4th Cir. 1999) .......................................................................... 4, 5

*Hunter v. Philip Morris USA*,
    582 F.3d 1039 (9th Cir. 2009) ............................................................................ 4

*Johnson v. Tyson Fresh Meats, Inc.*,
    No. C-06-1002-LRR, 2006 WL 1004970 (N.D. IA April 17, 2006) .................. 8

*Lane v. Champion Int'l Corp.*,
    844 F.Supp. 724 (S.D. AL 1994) ........................................................................ 9

*Revay v. Home Depot U.S.A., Inc.*,
    Case No. 2:14-cv-03391-RSWL-AS, 2015 WL 1285287 (C.D. Cal. Mar. 19, 2015) .......................................................................................................... 4, 5

**STATE CASES**

*Cano v. Glover*,
    143 Cal. App. 4th 326 (2006) ............................................................................. 6

*Christensen v. Super. Ct.*,
    54 Cal. 3d 868 (1991) ......................................................................................... 6

*Hill v. Nat'l Collegiate Athletic Ass'n*,
    7 Cal. 4th 1 (1994) .............................................................................................. 7

**FEDERAL STATUTES**

28 U.S.C. § 1332 ......................................................................................................... 1

28 U.S.C. § 1446(b) ............................................................................................. 5, 10

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I. INTRODUCTION

This Court has original jurisdiction over this matter under 28 U.S.C. §1332 because complete diversity exists between Boeing and Plaintiff, the amount in controversy exceeds $75,000, and Human Resources Investigator Stephanie McCarthy ("McCarthy") is a "sham defendant," who cannot destroy diversity jurisdiction. In his Motion, Plaintiff offers just two arguments to support his remand request: (1) Boeing purportedly waived its right to remove this matter by not filing its removal within thirty (30) days of receiving Plaintiff's complaint, and (2) McCarthy's involuntary dismissal from this action somehow nullifies Boeing's right of removal. However, neither argument is sufficient to strip this Court of its jurisdiction over this matter.

First, Boeing could not have removed this case after receiving service of the complaint because Boeing could not determine from the face of the complaint that McCarthy was a sham defendant. Boeing certainly suspected that Plaintiff may have named McCarthy for the sole purpose of defeating federal jurisdiction, but Boeing could not determine, from the face of the complaint alone, that there was no possibility that Plaintiff could establish liability against McCarthy. That fact was confirmed later. Thus, Boeing's time to remove this matter did not begin to run with the service of the complaint.

Second, contrary to Plaintiff's argument, Boeing's removal is not based upon the state court's order dismissing McCarthy from this matter. Rather, Boeing's removal is based upon Plaintiff's own deposition admissions, which foreclose any possibility of establishing liability against McCarthy and show that she is a sham defendant. Plaintiff's failure to amend his complaint, which led to the dismissal of McCarthy, only further confirms that Plaintiff had no intention of pursuing any cause of action against McCarthy.

Accordingly, this Court has original jurisdiction over this matter, and Plaintiff's Motion should be denied.

## II. STATEMENT OF FACTS

### A. Plaintiff's Allegations against McCarthy.

Plaintiff asserted just two causes of action against McCarthy: a claim for Intentional Infliction of Emotional Distress ("IIED"), and a claim for Invasion of Privacy. (ECF No. 1-1). To support his IIED claim, Plaintiff alleged that McCarthy (1) accused him of lying about sending text messages and a photo to a co-worker, and (2) brought "up the suicides of Plaintiff's two brothers." (ECF No. 1-1, ¶ 58). Plaintiff alleged that McCarthy engaged in "[s]aid acts and conduct…deliberately and intentionally in order to cause Plaintiff serious and severe emotional distress." (ECF No. 1-1, ¶ 59). With respect to his privacy claim, Plaintiff alleged that McCarthy "intruded upon Plaintiff's privacy by intentionally and/or wrongfully bringing up the suicides of Plaintiff's two brothers." (ECF No. 1-1, ¶ 62).

### B. Plaintiff Demanded that Boeing Waive Its Right of Removal in Exchange for Voluntarily Dismissing McCarthy.

During the telephone call between the parties' counsel on January 12, 2015, counsel for Boeing offered to answer the complaint, rather than demurring, if Plaintiff would voluntarily dismiss McCarthy from the case. (ECF No. 1-9, p. 2 ¶ 2, p. 6). Plaintiff's counsel agreed to Boeing's offer, with one condition: Boeing waive its right to remove this matter to federal court. (ECF No. 1-9, p. 2 ¶ 2, p. 6). Boeing's counsel would not agree to Plaintiff's demand and informed Plaintiff's counsel that the demand indicated that McCarthy is a sham defendant. (ECF No. 1-9, p. 2 ¶ 2, p. 6). Boeing's counsel sent an email to Plaintiff's counsel summarizing their discussion, and Plaintiff's counsel responded by indicating, "I…disagree with your assertion that Ms. McCarthy is a sham defendant," and asserting, "[t]he proper test in determining whether or not a nondiverse defendant is a sham defendat (sic) is whether there is any possibility, however slight, that plaintiff will be able to establish liability against that individual." (Declaration of Ray E. Boggess ("Boggess Decl."), Ex. "A" thereto).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### C. **Plaintiff's Deposition Admissions Bar His Claims against McCarthy.**

Despite his allegation (in the complaint) that McCarthy intentionally sought to harm him, Plaintiff admitted at deposition that he does not believe that anyone at Boeing had "any personal animosity against [him]," had "a personal vendetta against [him]," or was "trying to harm [him]." (Plaintiff Dep., 189:12-20, 191:1-193:11).[1]

In contrast to his allegation that his brothers' suicides constituted private information, Plaintiff admitted at deposition that he told "[q]uite a few people" about his brothers' suicides, which he estimates was a total of twenty (20) people, including "seven (7) or eight (8)" Boeing employees. (Plaintiff Dep., 163:8-25). Plaintiff further admitted that he was not trying to hide his brothers' suicides and that his family members told others about the suicides. (Plaintiff Dep., 165:2-22). None of this information was disclosed in the complaint.

### D. **The State Court Sustained Boeing's Demurrer, and Plaintiff Chose Not to Amend His Complaint.**

Boeing filed a demurrer to Plaintiff's IIED and privacy claims, which the state court sustained. (ECF Nos. 1-5, 1-6). The state court sustained the demurrer as to the IIED claim without leave to amend because it held that California's Workers' Compensation Act ("WCA") preempted the claim. (ECF Nos. 1-5, 1-6). With respect to Plaintiff's privacy claim, the state court sustained Boeing's demurrer, but allowed Plaintiff ten (10) days leave to amend that claim. (ECF Nos. 1-5, 1-6). However, Plaintiff chose not to amend his privacy claim. (ECF No. 10, 4:12-15).

---

[1] The referenced pages of the transcript of Plaintiff's deposition are attached as Exhibit "B" to the Declaration of Ray E. Boggess filed concurrently herewith.

## III. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND

Because Plaintiff's Motion only asserted two challenges to Boeing's removal -- that Boeing should have removed this matter within 30 days of service of the complaint and that McCarthy's involuntary dismissal precludes removal -- this opposition will focus on those two arguments.

### A. Boeing Could Not Have Removed this Matter Based upon the Face of the Complaint.

Plaintiff's assertion that Boeing's 30-day removal period was triggered by the service of the complaint must be rejected because that pleading does not establish that McCarthy was a sham defendant.  "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent." *Revay v. Home Depot U.S.A., Inc.*, Case No. 2:14-cv-03391-RSWL-AS, 2015 WL 1285287, * 3 (C.D. Cal. Mar. 19, 2015) (remanding case because the face of complaint did not establish that non-diverse defendant was a sham defendant) (internal quotations omitted) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

In fact, the authority cited by Plaintiff in his Motion only confirms that his argument that service of the complaint started Boeing's removal period is meritless. For example, in *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424-25 (4th Cir. 1999), upon which Plaintiff relied, the court held that the defendant's removal was improper because the court could not determine from the face of the complaint that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant."  Similarly, the court in *Dobson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir. 1992), which Plaintiff also cited, held that the complaint did not establish that the non-diverse defendants were fraudulently joined and therefore remanded the case.

Here, as in *Revay*, *Hartley*, and *Dobson*, the complaint at issue does not establish that McCarthy is a sham defendant because Boeing could not demonstrate that there is no "possibility" that Plaintiff could recover under the circumstances **alleged** in the complaint. Indeed, after sustaining Boeing's demurrer, the state court allowed Plaintiff leave to amend his privacy claim, which permitted Plaintiff to assert additional allegations to support this claim (though he chose not to do so).

Unquestionably, Boeing suspected from the beginning of this matter that McCarthy may be a sham defendant. However, a party's belief or contention that a defendant has been fraudulently joined does not satisfy the legal standard. In fact, Plaintiff's counsel disputed the assertion by Boeing's counsel that McCarthy was a sham defendant and contended, "[t]he proper test in determining whether or not a nondiverse defendant is a sham defendat (sic) is whether there is any possibility, however slight, that plaintiff will be able to establish liability against that individual." (Boggess Decl., Ex. "A").[2] Thus, Plaintiff's first challenge to Boeing's removal simply falls apart in light of the legal standard that must be met for establishing the existence of a sham defendant. Boeing could not have established, based exclusively on the face complaint, that McCarthy was a sham defendant. Therefore, the service of Plaintiff's complaint did <u>not</u> start Boeing's time to remove this matter under 28 U.S.C. § 1446(b).

///
///
///
///
///

---

[2] Now, after having this case removed, Plaintiff's counsel is apparently conceding -- for the first time -- that McCarthy is a sham defendant, a fact not revealed on the face of the Complaint and one that Plaintiff's counsel denied previously.

-5-
THE BOEING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**B.    The "Voluntary vs. Involuntary Change" Rule Is Irrelevant.**

Plaintiff's second and final challenge to Boeing's removal rests on his claim that "Defendant Sylvania's (sic) removal of this case…is based…on grounds that the dismissal of MCCARTHY from the lawsuit renders this case removable." (ECF No. 10, 4:16-18). Plaintiff is wrong. Boeing's removal is not based upon the state court's dismissal of McCarthy (which was actually caused by Plaintiff's own failure to amend his complaint).[3] To the contrary, Boeing's removal is based upon Plaintiff's own deposition admissions, which demonstrate that Plaintiff cannot possibly establish liability against McCarthy.

**1.    Plaintiff's Deposition Admissions Foreclose His IIED Claim.**

As set forth in Boeing's removal and unrebutted by Plaintiff, to succeed on his IIED claim against McCarthy, Plaintiff would be required to establish that McCarthy intentionally engaged in extreme and outrageous conduct. *Christensen v. Super. Ct.*, 54 Cal. 3d 868, 903 (1991). However, Plaintiff's deposition testimony confirms that there is no possibility that Plaintiff can establish this essential element of his IIED claim. Plaintiff admitted that he does not believe that anyone at Boeing had "any personal animosity against [him]," had "a personal vendetta against [him]," or was "trying to harm [him]." (Plaintiff Dep., 189:12-20, 191:1-193:11). Thus, Plaintiff cannot prove an essential element of his claim for IIED, and therefore, this claim cannot proceed as a matter of law.[4]

---

[3] Plaintiff's failure to amend his complaint is an admission that he possesses no additional facts to support his complaint. *Cano v. Glover*, 143 Cal. App. 4th 326, 329-30 (2006) ("The failure to amend and state a cause of action against [a] defendant is an admission that plaintiff has stated the case as strongly as he can and there are no facts that could be alleged to cure the defect.").

[4] As set forth more fully in Boeing's removal, Plaintiff's IIED claim also fails because, as the state court found, it is preempted by the WCA. (ECF No. 1, 8:9-10:21).

### 2. Plaintiff's Deposition Testimony Bars His Privacy Claim.

At deposition, Plaintiff confessed that he told "[q]uite a few people" about his brothers' suicides, which he estimates was a total of twenty (20) people, including "seven (7) or eight (8)" Boeing employees. (Plaintiff Dep., 163:8-25). Plaintiff also testified that he was not trying to hide his brothers' suicides and that his family members told others about the suicides. (Plaintiff Dep., 165:2-22). Accordingly, Plaintiff cannot establish two elements of his claim for invasion of privacy: (1) that he had a legally protected privacy interest in the fact that his brothers committed suicide, or (2) that he had a reasonable expectation of privacy with respect to that information. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (1994).

Similarly, Plaintiff's deposition testimony confirms that he cannot establish another essential element to his privacy claim: that McCarthy engaged in "conduct … constituting a serious invasion of privacy." *Id.* At deposition the following exchange occurred:

> Q: Do you remember whether or not you then asked Ms. McCarthy whether she knew about your brothers?
> A: That was after she had brought them up.
> Q: Why would you ask her if she knew about your brothers if she had already brought them up?
> A: Because she said: I know about your brothers. I said: Oh, how did you know about that?
> Q: And what did she say?
> A: She said: It came up during the investigation.
> Q: Anything else?
> A: That's all I remember right now.
> Q: And is that the basis of your belief that your privacy was violated?
> A: Yes.

(Plaintiff Dep., 168:7-20). Plaintiff's allegations that McCarthy simply said "I know about your brothers" and "It came up during the investigation" are not sufficient to show that McCarthy engaged in any conduct that seriously invaded Plaintiff's privacy. Therefore, Plaintiff's own admissions, which form the basis for Boeing's conclusion that Plaintiff has no viable privacy claim, establish that McCarthy is a sham defendant. Boeing did not rely on the state court's dismissal of McCarthy to

justify its removal.  Accordingly, the "voluntary vs. involuntary change" rule is not even applicable.

### 3. Boeing also Relied upon Plaintiff's Failure to Ever Serve McCarthy and His Demand that Boeing Waive Its Right of Removal as Evidence that McCarthy Was a Sham Defendant.

As set forth in Boeing's removal, Plaintiff failed to even serve McCarthy with a copy of the complaint and a summons.  (ECF No. 1, 13:1-19).  In fact, Plaintiff concedes that he never served McCarthy.  (ECF No. 10, 8:2-9); *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002-LRR, 2006 WL 1004970, * 4 (N.D. IA April 17, 2006) (finding that "Plaintiff's failure to serve the [non-diverse defendants], even though Plaintiff knows who they are and works in the same building with them, is unreasonable.").

To somehow justify this failure, Plaintiff's counsel states that he attempted to serve McCarthy via mail on May 13, 2015, but apparently the summons and complaint have "been lost in the mail."  (ECF No. 10, 8:2-9).  However, as of May 13, 2015, the state court had already sustained Boeing's demurrer and dismissed the only two causes of action Plaintiff asserted against McCarthy.  (ECF Nos. 1-5, 1-6).  Thus, without amending his complaint (which he failed to do), Plaintiff had no cause of action that he could even assert against McCarthy and service of a copy of the complaint and summons would be pointless.  Plaintiff's failure to serve McCarthy and his failure to amend his complaint further confirm that McCarthy is a sham defendant (and that the "voluntary vs. involuntary change" rule is inapplicable).

In addition, as set forth in Boeing's removal and unchallenged by Plaintiff, Plaintiff's demand that Boeing waive its right of removal also confirms that McCarthy is a sham defendant.  (ECF No. 1, 13:20-14:4).

-8-
THE BOEING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### 4. McCarthy Has Been a Sham Defendant from the Beginning of this Matter.

Whether McCarthy was voluntarily or involuntarily dismissed is of no consequence because, as established in Boeing's removal, a "diversity action may be removed after the dismissal of a nondiverse defendant when the plaintiff did not voluntarily dismiss the nondiverse defendant, *if* the involuntarily dismissed defendant was fraudulently joined in the first place." *Lane v. Champion Int'l Corp.*, 844 F.Supp. 724, 729 (S.D. AL 1994) (emphasis in original) (holding involuntary dismissal of non-diverse defendant did not defeat removal because the defendant was fraudulently joined.).

Here, the WCA barred Plaintiff's IIED claim from the beginning of this lawsuit. Even setting aside the WCA, Plaintiff's deposition testimony -- that he does not believe that anyone from Boeing intended to cause him harm -- confirms that Plaintiff has never been able to establish an IIED claim against McCarthy. Similarly, as set forth above, Plaintiff's deposition admissions demonstrate that he has never been able to establish a claim for violation of the right to privacy. Furthermore, Plaintiff's failure to serve McCarthy, and his demand that Boeing waive its right to remove in exchange for Plaintiff's agreement to voluntarily dismiss McCarthy all show that Plaintiff has only included McCarthy in this case to destroy diversity, and he has never really intended to pursue any claims against her. In short, the facts now show that McCarthy has been a sham defendant from the beginning of this action. Therefore, Plaintiff cannot defeat this Court's diversity jurisdiction by naming a defendant for the sole purpose of attempting to prevent removal to federal court. Accordingly, it is respectfully submitted that the Court should deny Plaintiff's Motion.

///

///

///

-9-
THE BOEING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### C. Boeing Timely Removed this Matter.

As set forth above and in Boeing's removal papers, this case was not removable based upon the initial pleading because, on the face of Plaintiff's complaint, the viability of Plaintiff's two causes of action against McCarthy was unclear and could not be determined. However, as discussed above, Plaintiff's deposition testimony and his decision not to amend his complaint when the state court granted him leave to do so confirmed for the first time that Plaintiff has no viable claims against McCarthy and that McCarthy is a sham defendant, thereby triggering Boeing's removal period.

Boeing received the written transcript of the May 15, 2015 deposition of Plaintiff on May 27, 2015. (ECF No. 1-9, 3:1-5). The transcript establishes that McCarthy is a sham defendant as to Plaintiff's IIED claim and his claim for violation of the right to privacy. In addition, the state court gave Plaintiff ten (10) days to amend his complaint with respect to his privacy claim, which expired on May 25, 2015. (ECF Nos. 1-5, 1-6). Boeing filed its removal on Jun 9, 2015, well within the 30-day removal period established by 28 U.S.C. § 1446(b). Thus, Boeing's removal is timely.

## IV. CONCLUSION

For the reasons set forth above and in Boeing's removal papers, Boeing respectfully requests that the Court deny Plaintiff's Motion.

DATED: July 13, 2015        PAYNE & FEARS LLP

By: */s/ Ray E. Boggess*
DANIEL F. FEARS
RAY E. BOGGESS

Attorneys for THE BOEING COMPANY

4848-6100-5093.5

-10-
THE BOEING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND