Stephen A. Ebner, Esq. (SBN 108348)
LAW OFFICES OF STEPHEN A. EBNER
4766 Park Granada, Suite 206
Calabasas, CA 91302
Telephone: (818) 591-7990
Facsimile: (818) 591-7781
Email: sae@ebnerlaw.net

Attorney for Plaintiff,
Luke Hardman

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE HARDMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY;<br>STEPHANIE MCCARTHY, An<br>Individual; and DOES 1 through 100,<br>Inclusive,<br><br>　　　　Defendants. | CASE NO.: CV15-04338 BRO (JEMx)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND CASE TO THE LOS ANGELES SUPERIOR COURT**<br><br>Date: August 3, 2015<br>Time: 1:30 p.m.<br>Ctrm: 14 |

Plaintiff Luke Hardman hereby submits this reply brief in response to matters raised by Defendant Boeing in it's opposition to Plaintiff's remand motion.

## I

## ARGUMENT

As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Further, a defendant seeking removal has the burden of showing that it has complied with the procedural requirements for removal. California ex rel. Lockyer v. Dynegy, Inc. (9th Cir. 2004) 375 F.3d 831, 838.

///

1

A.  **30 Day Removal Period**

Both parties herein essentially agree that the 30-day deadline of 28 U.S.C. 1446(b) is triggered when defendant receives information, on paper or not on paper, disclosing a reasonable basis for believing the case is removeable. In other words, the 30-day removal period runs from the time defendant first knew or should have known that the nondiverse party had been "fraudulently" joined. . . and that there is a basis for removal absent such joinder. Jernigan v. Ashland Oil Inc. (5th Cir. 1993) 989 F.2d 812, 817; Delany v. Viking Freight, Inc. (ED TX 1999) 41 F.Supp.2d 672, 675-676.

For the purpopses of this motion, the question thus becomes whether that 30 day removal period began when Boeing was served with the state court complaint on December 29, 2014; whether it began on January 12, 2015, when Boeing's counsel informed Plaintiff's counsel that the individual defendant, McCarthy was a "sham" defendant"; or whether it commenced to run as late as May 27, 2015, after defendant received Plaintiff's deposition transcript.

Given that removal statutes are construed restrictively, so as to limit removal jurisdiction, any doubts as to removability are resolved in favor of remanding the case back to the state court. Shamrock Oil & Gas Corp. v. Sheets (1941)313 U.S. 100, 108-109, 61 S.Ct. 868, 872; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566. Courts find a "strong presumption" against removal jurisdiction and will remand "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., supra, 980 F.2d at 566.

Here, there is no doubt that Boeing's counsel was made aware of a reasonable basis for removeability upon service of the state court complaint in December 2014 or, at the latest, in January 2015, when Boeing's counsel informed Plaintiff's counsel that the individual defendant, McCarthy was a "sham" defendant". The removal clock thus began to run on either of those earlies dates rather than 5 months later, in May 2015, as defendant contends.

///

2

| LUKE HARDMAN v. THE BOEING COMPANY, et al. USDC Case No.: CV15-04338 BRO (JEMx) | PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND CASE TO THE LOS ANGELES SUPERIOR COURT |
|---|---|

**B.     Voluntary vs Involuntary Rule**

Defendant contends in its opposition that the "Voluntary vs. Involuntary" Rule is irrelevant. Defendant now states that removal of this case was "<u>not</u> based upon the state court's dismissal of McCarthy" but rather upon Plaintiff's deposition testimony. [Def.Remand Opp., p. 6 - ls. 5-7]

However, that assertion is contradicted in Defendant's Removal Notice where it is stated that the case was removed after receipt of Plaintiff's deposition transcript ". . **and the Superior Court's Minute Order sustaining Boeing's demurrer, which was entered on May 12, 2015**. [Def. Removal Not., par. 4., ls. 11-15]

For these reasons, It is thus respectfully requested that this Court remand this matter to the Los Angeles County Superior Court.

Dated:   July 20, 2015                                   LAW OFFICES OF STEPHEN A. EBNER

_____
STEPHEN A. EBNER
Attorney for Plaintiff,
Luke Hardman

3

LUKE HARDMAN v. THE BOEING COMPANY, et al.
USDC Case No.: CV15-04338 BRO (JEMx)

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND CASE TO THE LOS ANGELES SUPERIOR COURT