JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04338 BRO (SSx)** | Date | July 28, 2015 |
|---|---|---|---|
| Title | **LUKE HARDMAN V. THE BOEING COMPANY ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**    (IN CHAMBERS)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

**I.    INTRODUCTION**

Pending before the Court is Plaintiff Luke Hardman's ("Plaintiff") Motion to Remand to the Superior Court of California, County of Los Angeles. (Dkt. No. 10.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court finds Defendant The Boeing Company ("Boeing") failed to timely remove this action in accordance with 28 U.S.C. § 1446(b) and accordingly **GRANTS** Plaintiff's motion.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a resident and citizen of California, began working for Boeing in 2007 as a mechanical design engineer. (Compl. ¶ 6; *see also* Removal ¶ 2.) During the course of his employment, Plaintiff performed satisfactorily and even received various accolades, awards, promotions, and salary increases. (Compl. ¶ 8.) On July 9, 2014, Plaintiff's managers informed him that a co-worker had reported him for sexual harassment. (Compl. ¶ 9.) Plaintiff's managers escorted him to a separate building, where he met with Boeing's Equal Employment Opportunity ("EEO") investigator Stephanie McCarthy ("Ms. McCarthy"). (Compl. ¶ 10.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04338 BRO (SSx) | Date | July 28, 2015 |
|---|---|---|---|
| Title | LUKE HARDMAN V. THE BOEING COMPANY ET AL. | | |

According to Plaintiff, Ms. McCarthy accused him of sending inappropriate text messages from his cell phone to a co-worker and refused to consider evidence suggesting Plaintiff's cell phone had been hacked. (Compl. ¶¶ 10–15.) During the meeting, Ms. McCarthy apparently accused Plaintiff of lying and inappropriately referenced the suicides of Plaintiff's two brothers in an attempt to coerce or shame him into confessing. (Compl. ¶ 13.) The day after the meeting, Plaintiff contacted the Los Angeles County Sheriff to report what he believed to be an incident of cyber crime, and the investigating officer concluded Plaintiff's cell phone had in fact been hacked. (Compl. ¶ 16.)

Believing Ms. McCarthy had acted unethically and was biased against him, Plaintiff requested that a new EEO investigator be assigned to his case. (Compl. ¶ 20.) Boeing did not assign a new investigator. (Compl. ¶ 20.) According to Plaintiff, one of the company's human resources representatives assured him that he would have an opportunity to present additional evidence on his behalf. (Compl. ¶ 22.) Yet when Plaintiff returned to work after a scheduled vacation on July 28, 2014, he found that his access to the building had been disabled. (Compl. ¶ 23.) Later that morning, the human resources representative informed Plaintiff the company had concluded he committed sexual harassment and decided to terminate him. (Compl. ¶¶ 25–27.)

Plaintiff initiated this action on December 19, 2014 in the Superior Court of California, County of Los Angeles against Boeing and Ms. McCarthy, alleging claims for: (1) breach of employment contract, (2) breach of the covenant of good faith and fair dealing, (3) gender discrimination, (4) defamation, (5) intentional infliction of emotional distress ("IIED"), (6) invasion of privacy, and (7) unfair and unlawful business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* The Complaint names Ms. McCarthy as a defendant on only the fifth and sixth claims for IIED and invasion of privacy. *Id*.

On December 29, 2014, Plaintiff served Boeing with a copy of the summons and Complaint. (Removal ¶ 7.) Plaintiff did not, and still has not, served Ms. McCarthy. (Removal ¶ 8.) On January 12, 2015, Boeing's counsel spoke with Plaintiff's counsel to inform him that Boeing was considering filing a demurrer if Plaintiff did not stipulate to Ms. McCarthy's dismissal. (Removal ¶ 42.) Plaintiff's counsel agreed on condition that Boeing waive its right to remove. (Removal ¶ 42.) Boeing's counsel refused and stated, in that conversation and a follow-up email, that Plaintiff's proposal indicated Ms.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04338 BRO (SSx) | Date | July 28, 2015 |
|---|---|---|---|
| Title | LUKE HARDMAN V. THE BOEING COMPANY ET AL. | | |

McCarthy was a "sham" defendant. (Removal ¶ 42; *see also* Decl. of Ray E. Boggess in Supp. of Mot. to Remand ("Boggess Decl.") Ex. A.)

On January 28, 2015, Boeing filed a demurrer to Plaintiff's fifth and sixth claims. (Removal ¶ 9, Ex. B.) On May 12, 2015, the Superior Court sustained the demurrer without leave to amend as to the fifth claim for IIED. (Removal ¶ 10, Exs. E, F.) The Superior Court also sustained Boeing's demurrer of the sixth claim for invasion of privacy but granted leave to amend. (Removal ¶ 10, Exs. E, F.) Plaintiff did not file an amended pleading.

Boeing removed the matter on June 9, 2015, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. ( Removal ¶ 1.) Boeing, a citizen of Delaware and Illinois for purposes of diversity jurisdiction, contends Ms. McCarthy, a California resident and citizen, was fraudulently joined and that complete diversity therefore exists. (Removal ¶¶ 3, 4.) Boeing asserts the face of the Complaint does not establish Ms. McCarthy's status as a sham defendant and that it timely removed the matter once the Superior Court sustained its demurrer and Plaintiff failed to file an amended pleading. (Removal ¶ 55.) Boeing further contends Plaintiff's May 15, 2015 deposition testimony confirmed for the first time that he cannot establish an IIED or invasion of privacy claim against Ms. McCarthy. (Removal ¶ 56.) Plaintiff now moves to remand on the basis that Boeing failed to remove this action within the statutory removal period set forth in 28 U.S.C. § 1446. (Dkt. No. 10.) Boeing timely opposed the motion, (Dkt. No. 11), and Plaintiff timely replied, (Dkt. No. 13).

### III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04338 BRO (SSx) | Date | July 28, 2015 |
|---|---|---|---|
| Title | LUKE HARDMAN V. THE BOEING COMPANY ET AL. | | |

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. Thus, a non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). It exists (and the non-diverse defendant is ignored for purposes of determining diversity of the parties) if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "A merely defective statement of the plaintiff's action does not warrant removal . . . . It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The procedure and time limitations for removing a case are set forth in 28 U.S.C. § 1446. Under the statute, a defendant may remove an action within thirty days of receipt, "through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). But if a case is not removable on the basis of the initial pleading, a defendant may later remove within thirty days of receipt "of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

With respect to the timeliness of removal, the Ninth Circuit holds that the first thirty-day period for removal as set forth in § 1446(b)(1) "only applies if the case stated

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04338 BRO (SSx) | Date | July 28, 2015 |
|---|---|---|---|
| Title | LUKE HARDMAN V. THE BOEING COMPANY ET AL. | | |

by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If the initial pleading is indeterminate, then the second thirty-day period as set forth in § 1446(b)(3) may apply and is triggered once "a change in the parties or other circumstance revealed in a newly-filed 'paper'" demonstrates a basis for removal. *Id.* Thus, in determining whether removal is timely, a court must look first to the "four corners" of the initial pleading; if the four corners affirmatively reveal a basis for removal, then § 1446(b)(1) applies. *Id.* at 694–95.

## IV. DISCUSSION

Plaintiff's Motion to Remand challenges the timeliness of removal. The parties primarily dispute whether the Complaint affirmatively reveals a basis for fraudulent joinder such that § 1446(b)(1)'s thirty-day removal period applies. According to Plaintiff, because Boeing's basis for removal is that Plaintiff cannot state a claim against Ms. McCarthy, the Complaint is removable on its face and the time to remove therefore expired on January 28, 2015, thirty days after Boeing received service. (Mot. to Remand at 5.) Boeing, on the other hand, argues the Complaint does not reveal a basis for fraudulent joinder. (Opp'n at 4–5.) According to Boeing, it was not clear Ms. McCarthy was a "sham" defendant until the Superior Court sustained its demurrer and Plaintiff failed to file an amended pleading. (*Id.* at 1.) Boeing also relies on Plaintiff's statements in his May 15, 2015 deposition, arguing that these statements confirmed for the first time he could not state a claim against Ms. McCarthy. (*Id.* at 6–8.)

As to Plaintiff's fifth claim for IIED, Boeing asserts it only knew Plaintiff could not state such a claim once Plaintiff testified at his deposition that he does not believe Ms. McCarthy intended to harm him. But this assertion is belied by Boeing's own arguments in Superior Court. In its demurrer, Boeing argued that the worker's compensation exclusivity rule bars Plaintiff's claim for IIED as a matter of law. (Removal Ex. B.) As this argument was based upon the facts alleged in the Complaint, the Complaint affirmatively reveals Ms. McCarthy's potentially fraudulent joinder. Boeing was therefore on notice of the basis for removal upon service of the Complaint.

As to Plaintiff's sixth claim for invasion of privacy, Boeing asserts it only knew Plaintiff could not state a claim once the Superior Court sustained its demurrer with leave to amend and Plaintiff failed to file an amended pleading alleging any new facts. Boeing

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04338 BRO (SSx) | Date | July 28, 2015 |
|---|---|---|---|
| Title | LUKE HARDMAN V. THE BOEING COMPANY ET AL. | | |

also argues Plaintiff's deposition statements confirmed for the first time that the fact of his brothers' suicides was not a private matter. The Court recognizes that the standard for fraudulent joinder is somewhat higher than the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Nevertheless, the allegations in the Complaint are sufficient to apprise Boeing of Ms. McCarthy's potential status as a sham defendant.

    The basis for Plaintiff's invasion of privacy claim against Ms. McCarthy is that she intentionally referenced his brothers' suicides in an attempt to "harass, embarrass, coerce, and shame Plaintiff into a confession." (Compl. ¶ 62.) "To state a claim for violation of the constitutional right of privacy, a party must establish (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of the privacy interest." *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1129 (Cal. Ct. App. 2009). In the Complaint, Plaintiff alleges no facts suggesting that the fact of his brothers' suicides was private. Nor does Plaintiff allege any facts suggesting Ms. McCarthy learned this information through improper means. Thus, regardless of whether Ms. McCarthy's conduct could amount to a serious invasion of privacy, the Complaint, on its face, reveals no legally protected privacy interest and no reasonable expectation of privacy. Service of the Complaint was therefore sufficient to apprise Boeing of the basis for removal.

    Boeing would have the Court find that this case was not initially removable because, although it believed Plaintiff's allegations were insufficient to state a claim against Ms. McCarthy, it could not know as much until the Superior Court ruled on its demurrer and it discovered facts disproving Plaintiff's allegations. This argument is unavailing. If the Court were to accept Boeing's argument, fraudulent joinder cases would never be initially removable under § 1446(b)(1), as under Boeing's logic, a defendant suspecting fraudulent joinder would first have to demur in state court and obtain an order sustaining the demurrer before the case became removable. That is clearly not the case.

    Indeed, other courts within this district have rejected the same argument. In *Simpson v. Union Pacific Railroad Co.*, 282 F. Supp. 2d 1151 (N.D. Cal. 2007), for example, the court concluded that fraudulent joinder cases are initially removable under § 1446(b)(1). As the court explained,

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04338 BRO (SSx) | Date | July 28, 2015 |
|---|---|---|---|
| Title | LUKE HARDMAN V. THE BOEING COMPANY ET AL. | | |

[F]raudulent joinder can be ascertained at the outset. Either the complaint states a claim that possibly may be cognizable against the purported sham defendant or it does not. It is not necessary to wait until the fraudulently joined defendant has tested the claims against it in state court and succeeded in defeating them on a motion to dismiss or demurrer.

*Id.* at 1157. Other courts are in agreement. *See, e.g. Rollins v. Fresenius USA, Inc.*, CV No. 13-09394, 2014 WL 462822 JGB, at *5 (C.D. Cal. Feb. 4, 2014) ("[T]here is no support for the claim that removal on the basis of fraudulent joinder is possible outside of the initial 30–day limit imposed by § 1446(b)(1)."); *Verduzco v. Ford Motor Co.*, CV No. 13-01437, 2013 WL 6053833 LJO, at *2 (E.D. Cal. Nov. 15, 2013) ("Ninth Circuit precedent strongly suggests that fraudulent joinder should be measured at the time a complaint is filed."); *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1120 (N.D. Cal. 2011) ("Defendant was able to determine that the Commissioner was fraudulently joined when it was served with the complaint . . . . Therefore, under 28 U.S.C. § 1446(b), it was required to remove within thirty days of service.").

The Court agrees with the reasoning in these decisions and finds this case was initially removable such that § 1446(b)(1)'s thirty-day removal period applies. As Plaintiff served Boeing on December 29, 2014 and Boeing failed to remove until June 9, 2015, the removal was clearly untimely. Remand is therefore appropriate.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the Superior Court of California, County of Los Angeles. The hearing scheduled for Monday, August 3, 2015, at 1:30 p.m., is hereby **VACATED**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | rf | |